UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NICHOLAS J. SEALS #663866,

    Plaintiff,

v.

Case No. 2:17-cv-135
HON. GORDON J. QUIST

UNKNOWN BRADLEY, et al.,

    Defendant(s).
_____/

REPORT AND RECOMMENDATION

Plaintiff Nicholas Seals, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Bradley, Bennet, L. Hough, and P. Hubbard.  Defendants filed a motion to dismiss based upon the defense of qualified immunity.  (ECF No. 12).  Plaintiff did not respond.

Plaintiff alleges in his complaint that on July 10, 2013, he was called to the prison control center to pick up his legal mail.  Defendants Bradley and Sergeant Bennet confiscated the mail and placed it in the inspector's box.  (Defendants Hough and Hubbard are alleged to be inspectors).  The mail included a letter from the Court that contained an order with a responsive deadline in case 2:10-cv-15054.  Plaintiff never received the court order and missed the deadline to respond.  As a result, Plaintiff alleges that his case was dismissed.

Plaintiff alleges that Defendants Bradley, Bennett, Hough, and Hubbard's actions violated his right to access the courts, were deliberately indifferent to his rights under federal law, violated the Michigan Elliot Larsen Act, and were grossly negligent under Michigan law.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything

alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendants move to dismiss based upon qualified immunity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred?

Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

Defendants concede that Plaintiff has alleged a violation of his First Amendment right to access the courts (first cause of action), but nevertheless argue that they are entitled to the defense of qualified immunity. Defendants state that Plaintiff is alleging a single incident of a mishandling of his legal mail, which is insufficient to support a constitutional violation. Plaintiff alleges that Defendants confiscated his mail clearly addressed from the court, which caused him to miss a court deadline, and resulted in the dismissal of his case. This is classic access to the courts claim. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). At this stage of the proceeding, Plaintiff has asserted factual allegations that could support a denial of his First Amendment right to access the courts. In the opinion of the undersigned, Defendants are not entitled to the defense of qualified immunity on this claim at this time.

Plaintiff asserts in his second cause of action that Defendants "violated Federal law, by their deliberate indifference to Plaintiff's rights." In the opinion of the undersigned, Plaintiff has failed to state a claim for relief in his second cause of action. Deliberate indifference in the Eighth Amendment context is equated with criminal recklessness, which requires a subjective showing that the defendant was aware of the risk of harm. *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). Deliberate indifference, the Court held, requires that the official must both be aware

of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*; *Brooks v. Celeste*, 39 F.3d 125, 128-29 (6th Cir. 1994). The *Farmer* Court added that prison officials who knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if harm ultimately was not averted. *Farmer*, 114 S. Ct. at 1982-83. In the opinion of the undersigned, Plaintiff has failed to present facts which could establish a violation of the Constitution or federal law based upon a deliberate indifference standard. Accordingly, it is recommended that Plaintiff's second cause of action be dismissed.

Plaintiff presents two state law claims. One under Michigan's Elliot Larsen Civil Rights Act and one of gross negligence. Plaintiff has not presented facts in his complaint that could support either claim. Accordingly, it is recommended that Plaintiff's state law claims in his third and fourth causes of action be dismissed.

Accordingly, it is recommended that Defendants' Motion for Dismissal (ECF No. 12) be granted as to Plaintiff's deliberate indifference, Elliot Larsen Act, and gross negligence claims, and denied in part as to Plaintiff's access to the courts claim.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   October 22, 2018