UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

NICHOLAS J. SEALS # 663866,

   Plaintiff,        Case No.  2:17-CV-135

v.             HON. GORDON J. QUIST

UNKNOWN BRADLEY, et al.,

    Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

  Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed a complaint against Defendants alleging claims under 42 U.S.C. § 1983 for violations of his First and Eighth Amendment rights and state-law claims for violation of the Elliott-Larson Civil Rights Act and gross negligence.  On March 28, 2018, Defendants Bennett, Bradley, and Hubbard filed a motion to dismiss on the basis of qualified immunity.  (ECF No. 12.)  Plaintiff did not respond to the motion.

  On October 22, 2018, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion in part and deny it in part.  In particular, the magistrate judge recommended that the Court deny the motion as to Plaintiff's First Amendment access-to-the-courts claim and grant the motion as to Plaintiff's Eighth Amendment deliberate indifference claim and his state-law claims.  (ECF No. 17 at PageID.60–61.)

  Defendants have filed an Objection to the R & R, arguing that the magistrate judge erred in concluding that Defendants are not entitled to qualified immunity on the access-to-the-courts claim. Defendants argue that it was not clearly established that a single instance of interference with a

prisoner's mail can support an access-to-the-courts claim. (ECF No. 18 at PageID.63–64.) Defendants further argue that Plaintiffs' allegations supporting his access-to-the-courts claim are refuted by the docket report from the underlying case, *Seals v. Stevenson, et al.*, No. 2:10-cv-15054 (E.D. Mich.) (underlying case). Plaintiff has filed a response to Defendants' Objection, which relies on Plaintiff's attached affidavit. (ECF Nos. 20, 20-1.) Because the Court cannot consider Plaintiff's affidavit in deciding Defendants' motion to dismiss, *see Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) ("A district court is not permitted to consider matters beyond the complaint."), the Court will disregard it. Nonetheless, the Court will consider Plaintiff's well-pled allegations in his complaint, as well as the docket report of underlying case. *See Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (stating that in deciding a motion to dismiss, a court may consider, among other things, public records) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Defendants' Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as to the Eighth Amendment and state-law claims and rejected as to the First Amendment access-to-the-courts claim.

Plaintiff alleges that on May 20, 2013, the Eastern District of Michigan reopened the underlying case, and on July 10, 2013, Plaintiff filed his amended complaint. Plaintiff further alleges that later in the case, on July 21, 2016, he went to the control center to pick up his legal mail but, after examining the mail, Defendants Bradley and Bennett decided to confiscate it and place it in the inspector's box. However, Plaintiff noticed that the mail was from the defendant in the

underlying case. On July 28, 2016, after not receiving a response from the inspector's office about his confiscated legal mail, Plaintiff wrote a letter to the defendant's counsel and the court placing them on notice about the legal mail situation. Shortly thereafter, Plaintiff received a notice from the court that his response to the defendant's motion was due by July 25, 2016. On July 30, 2016, prison officials informed Plaintiff that they could not find his legal mail. On August 30, 2016, the magistrate judge filed a report and recommendation recommending that Plaintiff's complaint be dismissed. (ECF No. 1 at PageID.5.) Plaintiff does not specifically allege that he missed the deadline to respond to the defendant's motion.

The docket report from the underlying case, which is a public record, paints a more accurate picture—one that shows Plaintiff did not suffer any injury. On June 16, 2016, defendant Stevenson, the last remaining defendant in the case, filed a motion for summary judgment arguing that he was entitled to summary judgment based on: (1) Plaintiff's failure to exhaust his administrative remedies; (2) the statute of limitations; and (3) Plaintiff's failure to show that Stevenson was deliberately indifferent to Plaintiff's serious medical needs. (ECF No. 94.)[1] On June 22, Plaintiff wrote a letter to the court complaining about the confiscation of his legal mail on June 21, 2016. (ECF No. 103.) On July 5, 2016, Plaintiff wrote another letter to the court complaining that as of that date, he still had not received Stevenson's motion for summary judgment and supporting materials. (ECF No. 104.) A text docket entry by the Clerk shows that on July 14, 2016, the Clerk mailed Plaintiff copies of Stevenson's motion for summary judgment (ECF No. 94), a sealed exhibit (ECF No. 98), and a notice that the motion would be decided without oral argument (ECF No. 105). On August 4, 2016, Plaintiff filed his own motion for summary judgment and his response to Stevenson's motion for summary judgment. (ECF Nos. 108, 109.) Plaintiff's response leaves no

---

[1]All docket entries cited in this paragraph are to entries in the underlying case.

doubt that Plaintiff had Stevenson's motion for summary judgment and supporting materials prior to the time Plaintiff filed his response—the response refers to Stevenson's arguments, cites specific pages of Stevenson's brief, and refers to Stevenson's exhibits.

On August 23, 2016, the magistrate judge filed a report and recommendation recommending that Stevenson's motion be granted on the merits and that Plaintiff's motion be denied. (ECF No. 113.) On September 9, 2016, Plaintiff filed an objection to the report and recommendation. (ECF No. 114.) In his objection, Plaintiff did not did not argue that he could not respond to Stevenson's motion because he never received it. However, Plaintiff filed a separate motion requesting the court to defer de novo review of the report and recommendation because, Plaintiff claimed, he had not received Stevenson's motion for summary judgment. (ECF No. 118.) On November 2, 2016, the district judge entered an order adopting the report and recommendation. Regarding Plaintiff's claim that he did not receive Stevenson's motion, the district judge observed: "Contrary to what Seals claims, the record show [sic] that he responded to Stevenson's Motion for Summary Judgment. In his response, Seals makes reference to Stevenson's Motion fo [sic] Summary Judgment. The Magistrate Judge also considered Seals' response in making her determination." (ECF No. 120 at PageID.1492.)

As set forth above, the docket report from the underlying case refutes any claim by Plaintiff that his case was dismissed because he missed a filing deadline or because he did not receive Stevenson's motion for summary judgment. Plaintiff therefore cannot show "actual injury," as required to establish an access-to-the-courts claim. *Lewis v. Casey*, 518 U.S. 343, 351–53, 116 S. Ct. 2174, 2180 (1996). Accordingly, the Court need not determine whether the law was clearly established because public records in the underlying case show that Plaintiff did not suffer a constitutional violation.

Therefore,

**IT IS HEREBY ORDERED** that the October 22, 2018, Report and Recommendation (ECF No. 17) is **ADOPTED** with regard the recommendation to dismiss Plaintiff's Eighth Amendment and state-law claims and **REJECTED** with regard to the First Amendment access-to-the-courts claim, and Plaintiff's Objection (ECF No. 20) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.[2]

A separate judgment will enter.

This case is **concluded**.

Dated:  December 19, 2018                                  /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE

---

[2]Although Defendant Hough has not appeared in the case and thus did not also move for dismissal, the Court nonetheless concludes that Plaintiff's claims against Defendant Hough fail for the reasons cited above and in the R & R.